# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

The American Registry of Radiologic
Technologists,

                Plaintiff,

v.

Diane Wood Bennett and Limited X-Ray
Licensure Course Providers, LLC,

                Defendants.

Civ. No. 09-933 (RHK/FLN)
**MEMORANDUM OPINION AND ORDER**

Sri K. Sankaran, Eric R. Sherman, Megan E. Lind, Dorsey & Whitney LLP, Minneapolis, Minnesota, for Plaintiff.

Marc A. Al, Stoel Rives LLP, Minneapolis, Minnesota, Jeffrey D. Harty, Kurt R. Van Thomme, McKee, Voorhees & Sease, P.L.C., Des Moines, Iowa, for Defendants.

## INTRODUCTION

Plaintiff American Registry of Radiologic Technologists ("ARRT") has sued Defendants Diane Wood Bennett and her company, Limited X-Ray Licensure Course Providers, LLC ("Course Providers") (collectively, "Defendants"), for copyright infringement, trademark infringement and unfair competition, and breach of contract. Defendants now move to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this action to the United States District Court for the Western

District of Texas. For the reasons set forth below, the Court will grant the Motion in part and transfer this action.[1]

## BACKGROUND

ARRT is a Minnesota corporation that develops and administers examinations in the field of radiologic technology. Several states require individuals seeking a license in this field to pass one of ARRT's examinations.

Course Providers is a Florida limited liability company with its principal place of business in Texas. It provides preparation courses for two examinations administered by ARRT: the Limited Scope of Practice in Radiography examination and the Bone Densitometry Equipment Operator examination. Bennett owns Course Providers and is its sole employee. She is a Texas resident and a licensed radiographic technician. In order to become licensed, she sat for and passed ARRT's Radiography Examination and Bone Densitometry Equipment Operation examination.

ARRT commenced this action against Course Providers and Bennett on April 22, 2009. The Complaint alleges that Course Providers' materials incorporate real questions used on ARRT's examinations. Because those examinations are copyrighted, it alleges that Course Providers has engaged in copyright infringement. It further alleges that, in the event Course Providers does not actually use its examination questions but represents to the public that it does, Course Providers is infringing the ARRT trademark and falsely designating the origin of the questions, in violation of the Lanham Act. Finally, ARRT

---

[1] Having reviewed the parties' submissions, the Court has concluded that oral argument would not materially assist it in resolving Defendants' Motion.

alleges that Bennett, as part of obtaining her radiologic-technology licenses, signed various agreements with ARRT in which she agreed not to disclose its examination questions. It asserts that Bennett has breached those agreements.

On July 27, 2009, Defendants moved to dismiss this action for lack of personal jurisdiction and improper venue or, in the alternative, to transfer this action to the Western District of Texas. They argued that they do not have sufficient contacts with Minnesota to justify the exercise of personal jurisdiction here and that venue is improper because none of the events giving rise to ARRT's claims occurred in this District. They argued in the alternative that even if jurisdiction and venue were proper, the Court should transfer this action to Texas because it will be more convenient for the parties and witnesses to litigate there. In support of their Motion, they submitted a Declaration in which Bennett averred that (1) she is a Texas resident who has never visited Minnesota; (2) Course Providers has never done business with a Minnesota resident; (3) Course Providers has never offered a course in Minnesota, and no Minnesota resident has attended one of its courses or purchased its materials; (4) Course Providers has never advertised in Minnesota; and (5) all of Course Providers' business records and documents are located in Texas.

ARRT filed a Memorandum in "Response" to Defendants' Motion, but that label is somewhat misleading, since the Memorandum did not actually respond to any of Defendants' arguments. Instead, it asserted that "in an effort to move this case forward to a consideration of the merits, [it] has filed suit against Defendants in the United States

District Court for the Middle District of Florida." It requested that the Court transfer the case *sub judice* to the Middle District of Florida for consolidation with this newly filed action. The Court declines ARRT's invitation, and will instead transfer this case to the Western District of Texas.

**ANALYSIS**

Because Defendants submitted evidence controverting ARRT's assertion of personal jurisdiction, the burden rested with ARRT to "prov[e] facts supporting" the exercise of personal jurisdiction here. Coen v. Coen, 509 F.3d 900, 904 (8th Cir. 2007) (citing Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004)). This point bears repeating: *it was ARRT's burden* to establish personal jurisdiction, not the other way around. Id.; Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003) ("The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction."). To do so, it was required to proffer *evidence* in support of the exercise of jurisdiction; ARRT could not simply stand pat on the allegations in the Complaint. Coen, 509 F.3d at 905 (personal jurisdiction "must be tested, not by the pleading alone, but by the affidavits and exhibits presented with the motions and opposition thereto") (quoting Dever, 380 F.3d at 1072); Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 963 (D. Minn. 2006) (Schiltz, J., adopting Report & Recommendation of Nelson, M.J.) (plaintiff must "produce prima facie *evidence* of personal jurisdiction over a defendant to survive a motion to dismiss for lack of personal jurisdiction") (emphasis added). Yet, ARRT has submitted no evidence

whatsoever in opposition to Defendants' Motion.  Hence, it has failed to discharge its burden, and the Court concludes that it lacks personal jurisdiction over Defendants.[2]

The remaining question, then, is:  what now?  The Court could dismiss this action, but that would, in essence, grant Plaintiff the relief it seeks – the end result would be litigation proceeding only in the Middle District of Florida.  This would reward ARRT's forum shopping, a result which the Court will not countenance.

Moreover, ARRT has made no compelling argument that the Middle District of Florida is an appropriate forum, let alone a *more* appropriate forum than the Western District of Texas.  Indeed, it is unclear whether personal jurisdiction over Bennett exists in Florida – while ARRT alleges in the Florida action that Bennett breached agreements in that state and engaged in tortious conduct there, it has proffered no evidence to support those allegations.  Furthermore, in the face of Defendants' argument that the Western District of Texas is the most convenient forum, ARRT offered no argument, no evidence – nothing.  The inescapable conclusion, therefore, is that ARRT has conceded that the Western District of Texas is the most appropriate forum for this action.

But does the Court have the authority to effect a transfer to that District?  The answer is an unequivocal "Yes."  Although the Court lacks personal jurisdiction over

---

[2] An alternative basis for reaching this conclusion is ARRT's failure to controvert Defendants' arguments.  It is well established that a party concedes an issue by failing to address it in an opposing brief.  See, e.g., Clifton Power Corp. v. FERC, 88 F.3d 1258, 1267 (D.C. Cir. 1996); Johnson v. US Sec. Assocs., Inc., No. 5:08-CV-282, 2009 WL 211372, at *2 n.22 (E.D. Ark. Jan. 28, 2009); Georges v. Accutira Mortgage, Inc., No. 4:08-CV-201, 2008 WL 2079125, at *5 (E.D. Mo. May 15, 2008); Figueroa v. U.S. Postal Serv., 422 F. Supp. 2d 866, 879 (N.D. Ohio 2006); Valentino v. Cont'l Cas. Co., No. Civ. A. 99-1101, 2000 WL 33341979, at *5 (W.D. Pa. June 29, 2000).

Defendants, it may transfer this action to any other district in which it could have been brought, if justice so requires. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."). The Court also may transfer this action under 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."[3] It has been repeatedly recognized that transfer is appropriate when the court lacks personal jurisdiction over a defendant. See, e.g., Thompson v. Ecological Sci. Corp., 421 F.2d 467, 470 n.4 (8th Cir. 1970) ("In actions where a plaintiff seriously intends to press his claim, a District Court dismissal [for lack of personal jurisdiction] should occur only under exceptional circumstances. The usual answer should be a venue transfer, rather than a dismissal.") (citation omitted); Turner v. Werner Enters., Inc., No. 8:09CV130, 2009 WL 2358348, at *2 (D. Neb. July 23, 2009) ("Generally, a transfer . . . to remove a procedural obstacle such as lack of personal jurisdiction is favored over

---

[3] While Section 1406(a) is couched in terms of "laying venue in the wrong district," it has been held that "a district is 'wrong' within the meaning of § 1406 whenever there exists an obstacle to . . . an expeditious and orderly adjudication on the merits." Mayo Clinic v. Kaiser, 383 F.2d 653, 655 (8th Cir. 1967) (citation omitted), abrogated on other grounds by Eggleton v. Plasser & Theurer Export Von Bahnbaumaschinen Gesellschaft, MBH, 495 F.3d 582 (8th Cir. 2007). Lack of personal jurisdiction is one such obstacle. Thompson v. Ecological Sci. Corp., 421 F.2d 467, 470 n.4 (8th Cir. 1970).

dismissing an action because transfer facilitates the adjudication of a dispute on its merits.").

In the Court's view, it is in the interests of justice to transfer this action to the (concededly) most convenient forum for the parties, one that does not reward forum shopping. Moreover, this action "could have been brought" in the Western District of Texas, since both Defendants reside there, rendering personal jurisdiction and venue in that District appropriate. Accordingly, the Court will transfer this action to the Western District of Texas.

The Court pauses to address one final matter. On September 11, 2009, Defendants filed a Motion asking the Court to enjoin ARRT from proceeding with the Florida action. By expressly seeking to invoke the jurisdiction of this Court to enjoin ARRT, Defendants may have waived their objection to the Court's exercise of personal jurisdiction over them. See, e.g., Sheesley v. Cessna Aircraft Co., Civ. Nos. 02-4185, 03-5011, 03-5063, 2006 WL 1084103, at *13-14 (D.S.D. Apr. 20, 2006) (discussing situations where "active participation" in case results in waiver of personal-jurisdiction objection); Wright v. Interbank Capital, Inc., No. C 99-0091, 1999 WL 354516, at *3 (N.D. Cal. May 19, 1999) (defendant's request for temporary restraining order and immediate equitable relief resulted in waiver of personal-jurisdiction defense). And because Defendants sought dismissal based on the lack of personal jurisdiction over them, they may well have undermined their own Motion by requesting immediate injunctive relief.

Regardless, even if the Court were to conclude that Defendants had waived their objections to personal jurisdiction, the Court would still transfer this action. Certainly, any such waiver was *not* a concession that Minnesota is the most convenient forum for this litigation; at most, Defendants may have conceded that the exercise of jurisdiction by this Court is *permissible*. And Defendants have argued (in the alternative) that the Western District of Texas is the most convenient forum for ARRT's claims, arguments to which ARRT has not responded. Hence, even if Defendants had waived their objections to the Court's exercise of personal jurisdiction, the Court could (and would) still transfer this action to the most convenient forum, the Western District of Texas.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss or Transfer Venue (Doc. No. 20) is **GRANTED IN PART** and this case is **TRANSFERRED** to the United States District Court for the Western District of Texas. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.[4]

Dated: September 14, 2009

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[4] As a result of the foregoing, Defendants' Objection to Magistrate Judge Noel's August 14 and August 25, 2009 Orders (Doc. No. 31) is **DENIED AS MOOT**. The Court also **DENIES WITHOUT PREJUDICE** Defendants' Motion to Enjoin Plaintiff from Proceeding with Duplicative Florida Action (Doc. No. 37), as that Motion is best handled by the transferee Court. Alternatively, Defendants can seek such relief from the Florida court.